IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| CARRIE NEHER,<br><br>                     Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., Inc., a foreign profit corporation,<br><br>                     Defendant. | NO.<br><br>DEFENDANT'S NOTICE OF REMOVAL<br><br>JURY DEMAND OF TWELVE |

**TO:** **Clerk of the United States District Court for the Western District of Washington at Seattle:**

Please take note that Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes to this Court the State action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

//

//

//

DEFENDANT'S NOTICE OF REMOVAL – Page 1

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

### I.   STATE COURT ACTION

1. The State Court action to be removed *Carrier Neher v. Home Depot U.S.A., Inc.*, King County Washington Superior Court No. 21-2-10556-1 KNT.  (Plaintiff's Complaint – **Exhibit A**.)

### II.   TIME FOR REMOVAL

2. Plaintiff filed his action in King County Superior Court on August 10, 2021. The Complaint was served on Home Depot on August 16, 2021.  Home Depot therefore has until September 15, 2021 or 30 days after service of Plaintiff's Complaint, to move for removal to this Federal District Court.  28 U.S.C. § 1446(b).

### III.   BASIS FOR REMOVAL

3. A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).

### A.   Amount in Controversy

4. Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

5. The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is

satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

6. It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); see also *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering,

loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

7. Similar damage allegations personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. See, e.g., *Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D. Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and suffering, and sued for compensatory and punitive damages, it was facially apparent from face of complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court; motion for remand denied); accord *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

8. Plaintiff alleges that, on or about April 25, 2019, Plaintiff was injured at a Home Depot store when one of Home Depot's employees dropped a large box from above, striking the back of Plaintiff's right leg causing her knee to immediately jerk and buckle. Ex. A ¶2.4. Plaintiff alleges damages including: physical, psychological and emotional injuries, loss of enjoyment of life, emotional distress, pain and suffering and other damages that are currently ongoing and which will be proven at trial. Ex. A ¶2.13. Plaintiff also seeks damages for wage loss and loss of earning capacity. Ex. A ¶4.1.

9. Furthermore, a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *See Cohn v. PetSmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002); *Chase v. Shop `N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428-30 (7th Cir.1997) (plaintiff's settlement offer is properly consulted in

DEFENDANT'S NOTICE OF REMOVAL –
Page 4

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200 F: (206) 223-4065

determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir.1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is `apparent' that removal was proper."). In the present case, on May 5, 2021, Plaintiff's counsel sent a letter to Home Depot's representing claiming that he evaluated the claim to have a settlement value of $200,000. *See Declaration of Kelsey L. Shewbert,* ¶3.

10. A reasonable person would conclude that Plaintiff is seeking damages in excess of $75,000. That is, Plaintiff filed his Complaint in the Superior Court. In Washington, the Superior Court has jurisdiction for claims seeking $100,000 or more while claims of less than $100,000 are filed in the State District Courts. RCW 2.08.010; 3.66.020; CR 101(a).

11. Attorneys' fees and costs of suit may be considered when determining if the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Plaintiff seeks an award for Plaintiff's costs and disbursements, reasonable and actual attorneys' fees, pre- and post-judgment interest and other and further relief as the court may deem just and equitable. Ex.*,* ¶IV.

12. Therefore, it is apparent from the face of Plaintiff's Complaint that Plaintiff is alleging damages in excess of $75,000.

DEFENDANT'S NOTICE OF REMOVAL –
Page 5

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

### B. Diversity of Citizenship

13. This is a personal injury action arising from damages allegedly sustained by Plaintiff while shopping at a Home Depot store in Kent, Washington.

14. Plaintiff's Complaint states that Plaintiff is a resident of Auburn, Washington, and is therefore a Washington citizen. Ex. A, ¶1.1.

15. Defendant Home Depot is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See Declaration of Kelsey L. Shewbert,* ¶4. For the purpose of removal based on diversity jurisdiction, Home Depot is a citizen of the states of Delaware and Georgia. 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

### IV. REQUIRED DOCUMENTS

16. Home Depot will promptly file a copy of this Notice with the Clerk of the Pierce County Superior Court and will give written notice to all adverse parties. 28 U.S.C. § 1446(d).

17. Within fourteen days of this Notice, Home Depot will file with the District Court of Washington black-on-white copies of all additional records and proceedings in the State Court, together with counsel's verification that these are true and complete copies of all records and proceedings if there are additional documents which were not filed with this notice of removal. Local Rule W.D. Wash. 101(c).

18. In accordance with 28 U.S.C. § 1446(a) and Local Rule W.D. Wash. 101(b), attached are the following documents which have been served on Home Depot: **Exhibit A** –

the Complaint; **Exhibit B** – Summons; **Exhibit C** – Order Setting Case Schedule and **Exhibit D** – Case Information Cover Sheet.

## V. JURY DEMAND

19. As permitted by Fed. R. Civ. P. 38, Fed. R. Civ. P. 81(c)(3), and Local Rules 38(b) and 101(e), Home Depot demands a jury of twelve (12).

## VI. INTRADISTRICT ASSIGNMENT

20. This matter should be assigned to the Seattle Division, as the alleged events in this matter arose in King County and the Complaint alleges that Plaintiff resides in King County, making the Seattle Division the appropriate venue. Local Rule W.D. Wash. 3(e).

WHEREFORE, Defendant Home Depot requests that the above action, *Carrier Neher v. Home Depot U.S.A., Inc.*, King County Washington Superior Court No. 21-2-10556-1 KNT, be removed to the United States District Court for the Western District of Washington at Seattle.

DATED this 8th day of September, 2021.

HOLT WOODS & SCISCIANI LLP

By *s/ Kelsey L. Shewbert*
By *s/Kaytlin L. Carlson*
   Kelsey L. Shewbert, WSBA No. 51214
   kshewbert@hwslawgroup.com
   Kaytlin L. Carlson, WSBA No. 52606
   kaytlin@hwslawgroup.com
Attorneys for Defendant Home Depot U.S.A., Inc.

# CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Holt Woods & Scisciani LLP.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO /Plaintiff**<br>Andrew S. Kim<br>PARK CHENAUR &<br>ASSOCIATES, Inc. P.S.<br>2505 S. 320th Street, Suite #100<br>Federal Way, WA 98003 | ☒ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Messenger Service**<br>☒ **Via CM/ECF** |

DATED this 8th day of September, 2021 in Seattle, Washington.

*s/Christie Kramer*
Christie Kramer, Legal Assistant

DEFENDANT'S NOTICE OF REMOVAL –
Page 8

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065